[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Colorado Prime and Terence Day, filed an objection to Plaintiff's request to amend on October 8, 1998 following the plaintiff's submission of a proposed amended pleading. Prior to the filing of the request to amend, the defendants had moved to strike the plaintiff's complaint. Rather than responding directly to defendants' motion, the plaintiff requested this court for leave to file an amended complaint. Objecting to the amendment, the defendants asserted many of the same arguments that they had raised in their motion to strike. The plaintiff, initially, did not fully address the substantive arguments attacking the legal sufficiency of her complaint. Instead, she contended that amendments are to be allowed liberally by the courts. This court, at oral argument, directed both parties to address the issue of the legal sufficiency of the claims in plaintiff's proposed amended complaint in supplemental briefs. To facilitate the resolution by this court of the substantive legal issue in dispute, this court grants the plaintiff's request to amend her complaint and overrules the defendant's objection.
The defendants maintain that neither the original complaint, CT Page 3618 nor the amended pleading sufficiently states facts to support a breach of contract or negligence claim. The plaintiff insists that because the rules of modern pleading have relaxed the traditionally more rigid form pleadings, her claims should stand and survive the motion to strike.
Issue: whether the plaintiff has pled sufficient facts to support a breach of contract claim; and whether the plaintiff's negligence claim against her former employer is barred by the Worker's Compensation statute. For reasons more fully set forth below, this court finds count one to be sufficiently pled, but count three to be legally insufficient.
In her original complaint, the plaintiff asserted three counts. The first and third related to the defendant Colorado Prime, her former employer. Count Two alleges misconduct by the defendant, Terence Day, a former co-worker. The first count sounded in breach of contract. The third count sounded in negligence. The defendants sought to strike the first count claiming that the first count was deficient in that it did not set forth enough facts to establish the existence of a contract, either implied or express. The defendants moved to strike the third count alleging that it was barred by the Worker's Compensation statute.
In response, the plaintiff filed a request to amend her complaint. The plaintiff's amended complaint changed the language pertaining to the existence of the contract from:
 "At all times mentioned herein, the Defendant, Colorado Prime maintained a policy of employee conduct and non-harassment policy that formed the contract between the Plaintiff and the Defendant, Colorado Prime for her employment with them,"
in the original complaint to:
"At all times mentioned herein, the Defendant, Colorado Prime maintained a written policy of employee conduct and a written non-harassment policy, which were given to the Plaintiff on the commencement of her employment, a copy of which is attached here to and marked as Exhibit A, that formed the written portion of the contract between the Plaintiff and the Defendant, Colorado Prime for her employment with them," CT Page 3619
in the amended complaint. The plaintiff amended the language pertaining to the conduct of the defendant Colorado Prime from:
 "The Defendant, Colorado Prime knew or should have known the aforementioned actions of the Defendant, Terence Day, yet it failed to protect one of its employees, namely the Plaintiff. As a result, the Plaintiff was placed in a zone of harm which culminated in the assault by the Defendant, Terence Day on June 11, 1996, which caused the injuries that the Plaintiff sustained,"
in the original complaint to:
 "The Defendant, Colorado Prime knew or should have known the aforementioned actions of the Defendant, Terence Day, and that these consequences were substantially certain to follow, yet it failed to protect one of its employees, namely the Plaintiff. As a result, the Plaintiff was placed in a zone of harm which culminated in the assault by the Defendant, Terence Day on June 11, 1996, which caused the injuries that the Plaintiff sustained,"
in the amended complaint.
The defendants rely upon Reynolds v. Chrysler First Comm.Corp. , to support their claim that the plaintiff's allegation of breach of contract is legally insufficient. 40 CA 725, 730,673 A.2d 573 (1995). In Reynolds, the Court of Appeals held that "a contractual promise cannot be created by plucking phrases out of context; there must be a meeting of the minds between he parties." (Citation omitted) Id. Reynolds involved the granting of a motion for summary judgment and therefore, although legally applicable to this case, is of limited aid in resolving the issue in dispute.
In a motion to strike, such as the one presented in this case, "we take the facts to be those alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the pleader. For purposes of appeal, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . ." (Internal quotation marks omitted and citations omitted) D'Ulisse-Cupo v. Board of Directors ofN.D.H.S., 202 Conn. 206, 208, 520 A.2d 217 (1987). CT Page 3620
This court finds that although the plaintiff's claim in the first count borders on being impermissibly conclusory, it sufficiently raises factual issues regarding the existence of a contract. See, Finley v. Aetna, 202 Conn. 190, 199, 520 A.2d 208
(1987) (Whether the defendant's personnel manual gave rise to an express contract was a question of fact for the jury: "In the absence of `definitive contract language,' however, `the determination of what the parties intended to encompass in their contractual commitments is a question of fact.'") Accordingly, this court denies the defendants' motion to strike count one.
On the other hand, the plaintiff has not sufficiently pled intentional conduct on the part of the defendant Colorado Prime which would prevent her case from being barred by the Worker's Compensation Act. The plaintiff wrests much of her argument that the Act does not preclude her claim on one phrase in an appellate court decision. That phrase is: "[t]he allegations do not allege that. . . these consequences were substantially certain to follow." Camb v. Kimberly Clark Corporation, 28 Conn. App. 660,668, 613 A.2d 838 (1992). The plaintiff is using this phrase out of context. The full decision makes clear that in order to defeat a motion to strike based upon Workers Compensation exclusivity, the plaintiff must plead intentional conduct which alleges that the defendant "desired to cause the consequences of its action." An element of intention on the part of the employer is necessary:Id. at 665.
 "Both this court and the Supreme Court have consistently held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries . . . Our Supreme Court, however, has carved out a few exceptions to the exclusivity of the Workers Compensation Act provisions . . . [for intentional torts and accidental injuries caused by gross, wanton, wilful, deliberate, intentional, reckless, misconduct.]" (Citations and internal quotation marks omitted).
Id. at 666.
The only intentional conduct alleged in that of co-defendant, Terence Day. Therefore, plaintiff's allegation in Count Three is insufficient and defendant's motion to strike it is granted. CT Page 3621
Angela Carol Robinson Judge, Superior Court